[No. 34568. *En Banc.* December 18, 1958.]

S. R. LETTERMAN, *Respondent,* v. THE CITY
OF TACOMA *et al., Appellants.*[1]

[1]Reported in 333 P. (2d) 650.

*Marshall McCormick, Robert R. Hamilton,* and *Allan R. Billett,* for appellants.

*Horace G. Geer,* for respondent.

*John Spiller, amicus curiae.*

FINLEY, J.—This is an action against the city of Tacoma and the Firemen's Pension Board of that city. Plaintiff, an active fireman, seeks a judgment declaring his pension rights.

S. R. Letterman began working for the city of Tacoma as a fireman on January 17, 1929, and was steadily employed

thereafter for twenty-eight years. Effective on January 26, 1957, the board retired Mr. Letterman at his request. He was retired pursuant to Laws of 1929, chapter 86, p. 144. On February 4, 1957, however, the board decided that it had made a mistake, and determined that plaintiff Letterman should be retired pursuant to Laws of 1955, chapter 382, p. 1563. Plaintiff advised the board that he did not wish to retire if he came under the 1955 pension act. The board, therefore, at its regular meeting on February 18, 1957, rescinded its order retiring plaintiff under the 1929 pension act and reinstated him to all of his rights, privileges and responsibilities as an active fireman. Plaintiff has remained on active duty ever since.

It is plaintiff's position that he is entitled to have his pension rights determined under the pension act which was in force when he commenced his employment as a fireman. This would be the pension act created under Laws of 1919, chapter 196, p. 668. The board contends that plaintiff has elected to have his pension rights determined by Laws of 1955, *supra*, and that he is bound by such choice.

The facts in this action are stipulated as outlined above. The trial court entered judgment declaring plaintiff's pension rights shall be determined by the 1919 pension act when he files a proper application for retirement. In reaching this decision, the trial court held that §§ 16 and 17 of the 1955 act, as applied to plaintiff, are unconstitutional. The city of Tacoma and the board have appealed. For convenience, we will refer to the appellants as the Board throughout the remainder of this opinion.

The first firemen's relief and pension act was contained in Laws of 1909, chapter 50, p. 88. Between 1909 and 1955, the legislature passed five additional acts relating to firemen's relief and pensions: Laws of 1919, chapter 196, p. 668; Laws of 1929, chapter 86, p. 144; Laws of 1935, chapter 39, p. 100; Laws of 1947, chapter 91, p. 581; and Laws of 1955, chapter 382, p. 1563. The acts in 1919, 1929 and 1935 were in the nature of amendments to the original law as passed in 1909. Each of the amendments purported to modify and determine the pension and relief rights of all who were then

active firemen, and, also, to determine the rights of those firemen who subsequently would be employed. The 1947 act completely revised the law, but it does not apply to any fireman who was employed prior to January 1, 1947. The 1955 act is an amendment to the 1947 law. It provided that all firemen who commenced employment prior to the effective date of the 1955 act must file a written election with their respective boards if they desire to retain their pension rights under previous acts. Any fireman active on the effective date of the act had sixty days in which to file his written election; any fireman on disability retirement had sixty days after he returned to active duty within which to file his written election. Any fireman who, within the prescribed period, did not file his written election to retain his rights under previous acts automatically elected to come under the provisions of the 1955 act. The 1955 act became effective on June 8, 1955. Respondent was an active fireman at that time. He did not file a written election to retain his rights under prior acts within the sixty-day period, which expired on August 21, 1955.

During the period of time in which respondent had to make his election, the board asserted and respondent believed that he had an election between the 1935 act and the 1955 act. It was not until several months later—on April 19, 1956—that the decision of this court in *Bakenhus v. Seattle* (1956), 48 Wn. (2d) 695, 296 P. (2d) 536, cast doubt on the validity of the board's assertion. The *Bakenhus* case specifically dealt with the constitutionality of the 1937 police pension act as applied to Mr. Bakenhus; but the principle used in reaching that decision is general in nature. The principle is: An employee who accepts a job to which a pension and relief plan or system is applicable contracts for a pension and relief plan or system substantially in accord with the then existing legislation governing the same; modification of a pension and relief plan or system can be effected without the consent of an employee if the changes are equitable as to such employee.

Before we can intelligently discuss the proper application of the 1955 act, we must determine what pension rights

respondent had under prior acts—in the light of the *Baken-hus* principle.

■ Respondent's prior pension rights were determined by the latest act which could constitutionally be applied to him. *Eisenbacher v. Tacoma* (1958), *ante* p. 280, 333 P. (2d) 642. The 1919 act was in force when respondent commenced his employment. The 1947 act, by its own terms, was not intended to apply to a fireman such as respondent, employed prior to 1947. Thus, his pension rights prior to the 1955 act were determined by the 1919 act—unless either the 1929 act or the 1935 act could constitutionally be applied to him.

Comparing the 1919 act with the 1929 act, we find the following benefits in the 1929 act: (a) pension benefits for a widow of a service pensioner or disability pensioner were increased from one half of the deceased fireman's pension to the full amount of the deceased fireman's pension; (b) children of a deceased fireman who are over eighteen years of age, and incompetent, were made eligible to receive a pension in certain instances; (c) pension benefits were provided during periods of sickness incurred in the line of duty; (d) firemen who retired after one year of service, but before fifteen years, because of disability not incurred in the line of duty, or those who died from causes other than injuries incurred in the line of duty, were entitled to receive back their contributions plus interest; and (e) the contributions from the fund to the funeral expenses of firemen were increased.

The following detriments were enacted into the 1929 law: (a) the language granting the pensions was changed to eliminate any possibility that it might be construed as granting a pension which would fluctuate in amount with variations in the salary of active firemen holding the same rank which a retired fireman held at the time of his retirement; the pensions were clearly to become fixed in amount at the time the fireman retired; (b) the term *widow* was defined so as to exclude a wife who married a fireman after he was drawing a pension; and (c) a procedure was enacted for raising the payroll percentage deductions from one and

one-half per cent to as high as four per cent for use in case a property tax should have to be levied to maintain the integrity of the fund. ⸱⸜

 The burden of establishing facts which demonstrate the unconstitutionality of a statute rests upon the one who asserts its unconstitutionality. *Frach v. Schoettler* (1955), 46 Wn. (2d) 281, 280 P. (2d) 1038; *Casco Co. v. Public Utility District No. 1* (1951), 37 Wn. (2d) 777, 226 P. (2d) 235. The record in the case before us is devoid of any facts which would establish that respondent was not put in as good or better position relative to his pension and relief rights by the 1929 act as he was under the 1919 act. It follows that the 1929 act can validly be applied to respondent.

 We must next determine whether the 1935 act can be validly applied to respondent without his consent. The one major change made by the 1935 act was to place a maximum limitation of one hundred twenty-five dollars per month on all pensions commencing thereafter. A pension is deferred compensation and a substitute for earning power. *Bakenhus v. Seattle, supra.* The effect of the maximum limitation imposed by the 1935 act was to fix firemen's pension rights at one figure, no matter what the changes in the economy might be during the remaining years of their active duty—changes which would be reflected in their salary while they were still on active duty status. The benefits granted by the 1935 act are clearly not sufficient to counter-balance the loss of pension rights resulting from the imposition of the one hundred twenty-five dollars maximum pension limitation. See *Bakenhus v. Seattle, supra*; and *Eisenbacher v. Tacoma, supra.* The 1935 act could not constitutionally be applied to respondent as a limitation on his pension rights. It follows from the foregoing analysis that respondent's pension rights prior to the 1955 act were governed by the 1929 act.

We turn now to a consideration of the effect of the 1955 act on these pension rights of respondent.

Respondent contends that the 1955 act is unconstitutional

as applied to him, because it only gave him the option to elect between the 1935 act or the 1955 act. It is his position that his substantial rights are affected by this forced election, since the value of his pension rights are substantially reduced under either option.

Appellant, on the other hand, contends that the 1955 act does not in any way change or impair respondent's substantial rights. It is appellant's position that the 1955 act merely modifies or changes the remedy or procedure to be followed by respondent in obtaining the pension plan he desires; that it merely sets up an election procedure whereby he can choose to retain his former pension rights or to come under the new act.

We have serious doubts as to the validity of appellant's analysis of the effect of the 1955 act relative to substantive versus remedial rights. But assuming, *arguendo* and *without deciding,* that appellant is correct, it does not necessarily follow that respondent is now foreclosed from claiming his rights under the 1929 act.

By its terms the 1935 act applied to respondent; by its terms the 1947 act reserved to respondent his rights under the 1935 act; by its terms the 1955 act gave respondent an election between his rights under the 1935 act, as reserved through the 1947 act, or the 1955 act without court action. Respondent could not know that the 1935 act was unconstitutional as applied to him; and, indeed, that fact was not established until this court determined it in this action. The language used in the 1955 act and in the 1947 act is broad enough to refer to pension rights obtained under acts prior to 1935, once the 1935 act has been determined to be unconstitutional as applied as a limitation on the pension rights of a particular fireman. Thus, the 1955 act is broad enough to give respondent a choice or election between the 1929 act and the 1955 act. But, at the time respondent had to make the election, both the board and respondent were under the impression that his prior rights were limited by the 1935 act—both parties were mistaken as to the facts surrounding his election. It is well settled that an act done

through ignorance or mistake does not constitute an election of remedies unless the other party has so changed his position that he can set up an estoppel. *Edwards v. Tremper* (1957), 49 Wn. (2d) 677, 305 P. (2d) 1062; *State v. The Praetorians* (1945), 143 Tex. 565, 186 S. W. (2d) 973, 158 A. L. R. 596; 5 Corbin on Contracts 903, § 1220. No facts which would effect an estoppel appear in the record before us in this case.

The 1955 act gives the respondent sixty days in which to file a written election to be bound by his pension rights under prior acts. Not until this decision is filed can respondent know what his prior rights are. It follows that respondent has sixty days after this decision is filed within which to file his written election to take under the 1929 act.

The judgment of the superior court should be modified accordingly. It is so ordered. Respondent will have his costs in this court.

MALLERY, DONWORTH, WEAVER, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.

HILL, C. J., concurs in the result.

---

March 2, 1959. Petition for rehearing denied.