[No. 1861-1.    Division One.    December 17, 1973.]

THE CITY OF SEATTLE, *Respondent*, v. KEARN FRANCIS
LARKIN, *Appellant*.

*Alfieri, Pittle & Watkins* and *Ralph D. Pittle,* for appellant.

*A. L. Newbould, Corporation Counsel,* and *James G. Blair,* for respondent.

WALTERSKIRCHEN, J.*—Kearn Francis Larkin appeals from convictions of two violations of Seattle ordinance No. 21.14.300, "Soliciting rides prohibited."

> It is unlawful for any person to stand on or in proximity of a roadway for the purpose of soliciting a ride for himself or for another, or for his baggage or for the baggage of another, from the occupant of any vehicle.
>
> The provisions of this section shall not be construed to prevent any person upon any street from soliciting where an emergency actually exists, nor shall this section be construed to prevent any person from signaling or requesting transportation from a passenger carrier for the purpose of becoming a passenger thereon for hire.

Larkin asserts the trial court erred in not finding the ordinance unconstitutional and in not finding that the prosecution was prohibited by RCW 46.61.255.

Larkin argues that the ordinance infringes upon his constitutionally protected fundamental right to travel. Although judicial recognition of the right to travel as being a constitutionally protected fundamental right is of recent development, its existence can no longer be questioned. *Dunn v. Blumstein,* 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972); *Shapiro v. Thompson,* 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969).

A review of the principal cases in which claimed infringement of the right to travel has been considered by the courts discloses that the majority deal with the duration of residence requirements. *See Dunn v. Blumstein, supra* (voting); *Shapiro v. Thompson, supra* (welfare); *Keenan v. Board of Law Examiners,* 317 F. Supp. 1350 (E.D.N.C. 1970) (bar examination); *Kirk v. Board of Regents,* 273

---

*Judge F. A. Walterskirchen is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

Cal. App. 2d 430, 78 Cal. Rptr. 260 (1969) (regular college tuition); *Whitehead v. Whitehead*, 53 Hawaii 302, 492 P.2d 939 (1972) (divorce).

Alleged infringements of the right to travel were also considered in *Evansville-Vanderburgh Airport Authority Dist. v. Delta Airlines, Inc.*, 405 U.S. 707, 31 L. Ed. 2d 620, 92 S. Ct. 1349 (1972) (tax on passengers using an airport). *See also Barrick Realty, Inc. v. Gary, Indiana*, 354 F. Supp. 126, 133 (N.D. Ind. 1973) (the right to place real estate for sale signs in residential areas); *Prigmore v. Renfro*, 356 F. Supp. 427 (N.D. Ala. 1972) (the right to vote by absentee ballot).

■ The initial question presented with respect to the constitutionality of the Seattle ordinance relates to the proper standard of review to be applied. A stricter test of "compelling state interest" has been applied in all right-to-vote cases where the court found the voter was faced with a choice of either not voting or not traveling. It has also been applied in welfare cases as stated in *Dandridge v. Williams*, 397 U.S. 471, 25 L. Ed. 2d 491, 90 S. Ct. 1153 (1970). Justice Marshall stated in his dissent at page 522:

> And this Court has already recognized several times that when a benefit, even a "gratuitous" benefit, is necessary to sustain life, stricter constitutional standards, both procedural and substantive, are applied to the deprivation of that benefit.

(Footnotes omitted.) The stricter standard has also been applied in cases where the court found a direct intrusion on the right to travel. Under this test, an infringement of a constitutional right will be sustained only where the regulation is necessary to promote a compelling governmental interest. *See Shapiro v. Thompson, supra; Krzewinski v. Kugler*, 338 F. Supp. 492, 498 (D.N.J. 1972). Larkin contends the ordinance is unconstitutional under this test.

A traditional less strict test of "reasonable basis" has been applied in those cases in which the court found that the right to travel was not directly affected. *Evansville-Vanderburgh Airport Authority Dist. v. Delta Airlines,*

*Inc., supra; Barrick Realty, Inc. v. Gary, Indiana, supra; Prigmore v. Renfro, supra; Kirk v. Board of Regents, supra; Whitehead v. Whitehead, supra.*

In this case, the city ordinance treats all individuals alike. No one may hitchhike on or in proximity to a roadway. Yet not all hitchhiking is proscribed since anyone desiring to secure transportation in this manner may seek it in service stations, parking lots and any other places except "on or in proximity to a roadway." We, therefore, conclude that this case may be reviewed under the less strict test because the challenged ordinance is at most only an indirect and minor infringement, if any, upon the appellant's right to travel.

■ Under the rational basis test, the ordinance carries with it the presumption in favor of its constitutionality, *Winkenwerder v. Yakima,* 52 Wn.2d 617, 328 P.2d 873 (1958), and the burden of establishing the invalidity of the ordinance rests upon the party challenging its constitutionality. *Letterman v. Tacoma,* 53 Wn.2d 294, 333 P.2d 650 (1958). In determining the constitutionality under the less strict test if a state of facts justifying the ordinance can reasonably be conceived to exist, it is to be presumed that such facts do exist and that the ordinance was enacted in light thereof. *State v. Laitinen,* 77 Wn.2d 130, 459 P.2d 789 (1969).

■ Here, the legislature could reasonably assume that motor vehicles attempting to respond to hitchhikers' signals would make unanticipated stops, interfere with the orderly flow of traffic, and be a cause of serious automobile accidents resulting in personal injuries and economic loss. Under such a set of reasonable assumptions, the ordinance would vitally affect the safety and welfare of Seattle citizens and thus have a rational basis and be clearly constitutional.

Other indirect restrictions upon the right to travel have been upheld. *See Evansville-Vanderburgh Airport Authority Dist. v. Delta Airlines, Inc., supra; Capitol Greyhound Lines v. Brice,* 339 U.S. 542, 94 L. Ed. 1053, 70 S. Ct. 806, 17

A.L.R.2d 407 (1950) (taxes for the use of public facilities); *Aero Mayflower Transit Co. v. Board of R.R. Comm'rs,* 332 U.S. 495, 92 L. Ed. 99, 68 S. Ct. 167 (1947) (annual license and gross revenue tax); *Aero Mayflower Transit Co. v. Georgia Pub. Serv. Comm'n,* 295 U.S. 285, 79 L. Ed. 1439, 55 S. Ct. 709 (1935) (annual license fee); *Prigmore v. Renfro, supra* (unavailability of absentee ballot); *State v. Moore,* 79 Wn.2d 51, 483 P.2d 630 (1971) (implied consent law).

However, even if it were necessary to apply the stricter "compelling public interest" test, we would still find the ordinance constitutional. It has often been recognized that regulation of the use of highways for the safety of the public is within the government's constitutional police power and that highway safety is a public interest deserving protection. *See Cox v. New Hampshire,* 312 U.S. 569, 85 L. Ed. 1049, 61 S. Ct. 762, 133 A.L.R. 1396 (1941); *Hess v. Pawloski,* 274 U.S. 352, 71 L. Ed. 1091, 47 S. Ct. 632 (1927); *Kane v. New Jersey,* 242 U.S. 160, 61 L. Ed. 222, 37 S. Ct. 30 (1916); *State v. Albers,* 303 A.2d 197, 201 (N.H. 1973).

In *Walker v. State,* 48 Wn.2d 587, 591, 295 P.2d 328 (1956), the court held:

> A concrete curb erected on the center line of a four-lane highway is a physical obstruction that prevents left turns into oncoming traffic. It is a traffic-control device, within the purview of our statutes, authorized under the police power of the state.

In *Seattle v. Wright,* 72 Wn.2d 556, 559, 433 P.2d 906 (1967), the court stated:

> A vehicular traffic regulation enacted for the safety of the public's use of roadways is within the governing authorities' constitutional police power.

In other cases, it has been held that a compelling public interest supported the impairment of the right to travel. *See Coleman v. Coleman,* 32 Ohio St. 2d 155, 291 N.E.2d 530 (1972), where residential requirements for divorce were upheld as being justified by the compelling public interest in divorce. In *Krzewinski,* the court found that having firemen and policemen reside in the community where they

were employed was supported by a compelling public interest. In *United States v. Chalk*, 441 F.2d 1277 (4th Cir. 1971), a nighttime curfew was upheld as an effective means of controlling or preventing imminent civil disorder. *Korematsu v. United States*, 323 U.S. 214, 89 L. Ed. 194, 65 S. Ct. 193 (1944). *Zemel v. Rusk*, 381 U.S. 1, 14 L. Ed. 2d 179, 85 S. Ct.1271 (1965), stated that national security justified the infringement upon the right to travel.

In the instant case, the ordinance is necessary to promote the public safety and welfare of the citizens of the city of Seattle; and this constitutes a compelling public interest.

■ Appellant asserts the ordinance classified people according to those willing to pay and those who cannot or are unwilling to pay, thus discriminating against poor hitchhikers who have no other means of travel.

> Although the rights of all persons must rest upon the same rule under similar circumstances, *Louisville Gas & Elec. Co. v. Coleman*, [277 U.S. 32, 72 L. Ed. 770, 48 S. Ct. 423 (1927)] legislative classification is not prohibited. It is only necessary that the classification be reasonable, not arbitrary, and rest upon some difference having a fair and substantial relation to the object of the legislation.
>
> . . .
>
> The foregoing principles apply not only under the equal protection clause of the fourteenth amendment to the United States Constitution, but under the privileges and immunities clause of the state constitution as well.

(Citations omitted.) *State v. Persinger*, 62 Wn.2d 362, 367, 382 P.2d 497 (1963). *See also Sparkman & McLean Co. v. Govan Inv. Trust*, 78 Wn.2d 584, 588, 478 P.2d 232 (1970), which stated:

> The crucial determination is whether there are reasonable and justifiable grounds giving rise to the classification. . . . Finally, in making this determination, it is recognized that the legislature has a wide range of discretion in defining the classifications and that such enactments are presumptively valid.

(Citations omitted.) *O'Connell v. Conte*, 76 Wn.2d 280, 456 P.2d 317 (1969).

The purpose of the challenged ordinance is primarily public safety as affected by the operation of motor vehicles on the city streets. The exception of for-hire vehicles is reasonable because such vehicles are specially licensed and are very limited in number. Their drivers are specially licensed and are required to exercise the highest degree of care for their passengers in the operation of the vehicles. Many such vehicles are limited as to the street upon which they may operate and the places where they may stop. The exception in emergencies applies to all alike.

Moreover, the argument concerning the ability to pay would apply equally but was accorded no weight in the cases of *Clarke v. Redeker*, 259 F. Supp. 117 (S.D. Iowa 1966); *Starns v. Malkerson*, 326 F. Supp. 234 (D. Minn. 1970); and *Kirk v. Board of Regents, supra*, which are cases in which durational residence requirements to avoid payment of nonresident tuition was the basis for the challenge and in cases upholding the imposition of taxes for the right to make use of facilities. *Evansville-Vanderburgh Airport Authority Dist. v. Delta Airlines, Inc., supra; Capitol Greyhound Lines v. Brice, supra; Aero Mayflower Transit Co. v. Board of R.R. Comm'rs, supra; Aero Mayflower Transit Co. v. Georgia Pub. Serv. Comm'n, supra*.

We hold therefore that the classification contained in the ordinance does not offend either the United States Constitution or the Constitution of the State of Washington.

■ Appellant contends that the ordinance is unconstitutionally broad. We disagree. This court recently dealt with the problem of overbreadth in relation to a highway measure. In *State v. Malone*, 9 Wn. App. 122, 511 P.2d 67 (1973), the court said at page 126:

Under its inherent police power, the state has the right to regulate any activity to safeguard life, health or property. *State v. Boren*, 36 Wn.2d 522, 219 P.2d 566, 20 A.L.R.2d 798 (1950); *Spokane v. Carlson*, 73 Wn.2d 76, 436 P.2d 454 (1968). The only limitation on this power is that the enactment in question must reasonably tend to correct some evil or promote some public interest. *Tref-*

*fry v. Taylor,* 67 Wn.2d 487, 408 P.2d 269 (1965); *Suburban Fuel Co. v. Lamoreaux,* 4 Wn. App. 179, 480 P.2d 216 (1971). Unless the measure adopted is palpably unreasonable and arbitrary so as to needlessly invade constitutionally protected rights, the legislative judgment will prevail. *Reesman v. State,* 74 Wn.2d 646, 445 P.2d 1004 (1968).

In *Landry v. Daley,* 280 F. Supp. 938 (N.D. Ill. 1968), the court distinguished the question of overbreadth from void for vagueness doctrine as follows at page 951:

> The concept of overbreadth, on the other hand, rests on principles of substantive due process which forbid the prohibition of certain individual freedoms. The primary issue is not reasonable notice or adequate standards, although these issues may be involved. Rather the issue is whether the language of the statute, given its normal meaning, is so broad that its sanctions may apply to conduct protected by the Constitution. Frequently, the resolution of this issue depends upon whether the statute permits police and other officials to wield unlimited discretionary powers in its enforcement. If the scope of the power permitted these officials is so broad that the exercise of constitutionally protected conduct depends on their own subjective views as to the propriety of the conduct, the statute is unconstitutional.

(Footnotes omitted.)

We find no arbitrary or unreasonable infirmities in the ordinance in question. The city legislative body has determined that persons signaling for rides from passing vehicles is a cause of traffic accidents and interferes with the orderly flow of traffic. The act therefore has a rational basis in relation to the end sought, *i.e.,* traffic safety. The officers charged with the enforcement of the act have clear-cut criteria for its application—a person "on or in proximity of a roadway" and the solicitation of a ride from a vehicle. Thus, enforcement of the ordinance does not depend upon the discretion of the officer, nor does the ordinance sweep within its prohibitions conduct that may not be punished under the constitution. *Grayned v. Rockford,* 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972).

■ Appellant's final argument is that Laws of 1972, 1st Ex. Sess., ch. 38, § 1, p. 70 (RCW 46.61.255), which became effective on May 23, 1972, prohibited his trial de novo in superior court on July 25, 1972. The provision reads in pertinent part:

(6) It is the intent of the legislature that this section preempt the field of the regulation of hitchhiking in any form, and no county, city, town, municipality, or political subdivision thereof shall take any action in conflict with the provisions of this section.

We disagree. There is nothing in the wording of the act to indicate an intent of the legislature to make it retroactive. In *State v. Bell*, 8 Wn. App. 670, 674, 508 P.2d 1398 (1973), the court stated:

A newly enacted statute operates prospectively only unless a retroactive effect was the clear intent of the enacting authority.

*See also State v. Ladiges*, 63 Wn.2d 230, 386 P.2d 416 (1963); *State v. Malone, supra*.

We hold, therefore, that the prosecution of the charges under this ordinance was not prohibited by the legislative enactment. The judgment is affirmed.

SWANSON, C.J., and FARRIS, J., concur.