[No. 973-3.    Division Three.    November 22, 1974.]

THE CITY OF SPOKANE, *Respondent,* v. BARBARA ANN BOSTROM, *Appellant.*

*Ross Worthington* (of *Erickson & Worthington*), for appellant.

*Richard Wrenn, Corporation Counsel,* and *Roger A. Felice, Assistant,* for respondent.

MUNSON, J.—The defendant violated section 20 of Spokane Municipal Ordinance No. C-21777, after having notified the Spokane Police Department of her intent to do so, for the sole purpose of challenging the constitutionality of section 20. She was found guilty and appeals.

Section 20 of the ordinance reads as follows:

> Business Hours. It shall be unlawful to conduct business in a massage parlor or bathhouse between the hours of 10:00 p.m. and 6:00 a.m.

Defendant contends the City does not have the constitutional power to regulate the business hours of massage parlors; further, that the restriction, from 10 p.m. to 6 a.m., is an unreasonable exercise of police power upon a private business, conducted upon private property. We disagree.

A municipal corporation may, in the lawful exercise of its police power, regulate massage parlors and massagists. *J.S.K. Enterprises, Inc. v. Lacey,* 6 Wn. App. 43, 492 P.2d 600 (1971).

Thus, the limited issue presented is whether the mandatory closure constitutes a reasonable exercise of the City's police power. *State v. Spino,* 61 Wn.2d 246, 377 P.2d 868 (1963); *Remington Arms Co. v. Skaggs,* 55 Wn.2d 1, 345 P.2d 1085 (1959).

The judiciary should not invade the province of the legislative branch of government. *State v. Conifer Enterprises, Inc.,* 82 Wn.2d 94, 508 P.2d 149 (1973). In an attempt to define the boundaries of judicial review of legislative action, certain limitations upon the court have been established, *Petstel, Inc. v. County of King,* 77 Wn.2d 144, 459 P.2d 937 (1969); *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964); *Lillions v. Gibbs,* 47 Wn.2d 629, 289 P.2d 203 (1955):

(a) Any ordinance regularly enacted is presumed constitutional, *Spokane v. Carlson,* 73 Wn.2d 76, 436 P.2d 454 (1968). The presumption applies here.

(b) If a state of facts which would justify the legislation can reasonably be conceived to exist, courts must presume it did exist and the legislation was passed for that purpose. There is no requirement that the court find facts justifying the legislation. *Spokane v. Carlson, supra; Lenci v. Seattle, supra.*

(c) An ordinance to be void for unreasonableness must be clearly and plainly unreasonable. *Seattle v. Hurst,* 50 Wash. 424, 97 P. 454 (1908).

(d) The burden of establishing the invalidity of an ordinance rests heavily upon the party challenging its constitutionality. *Letterman v. Tacoma,* 53 Wn.2d 294, 333 P.2d 650 (1958).

This ordinance contains 29 sections, including, but not limited to, licensing of massage parlors and employees. It provides for exemptions, denials, suspensions or revocations of licenses, in part for violations of any "federal, state or local law relating to sex offenses . . . drugs, controlled substances . . . alcoholic beverages . . . or of any crime involving moral turpitude . . ."

Noting the court's findings in *J.S.K. Enterprises, Inc. v. Lacey, supra,* we can reasonably conceive a set of facts justifying the enactment of this ordinance. There the court stated at page 45:

> There was substantial evidence to justify the court's finding that a sauna massage business, such as that conducted by the plaintiff, is a potential setting for lewd and immoral acts and can and does attract people interested in lewd and immoral acts. The plaintiff has conducted its business with a certain degree of emphasis on sex and as a result has contributed to the setting of a background for lewd and immoral acts to be possibly permitted or performed on the premises.

No comparable evidence is presented here concerning this defendant's conduct or her business; however, no such showing is necessary. The preamble of the ordinance reads:

> WHEREAS, the unregulated operation of massage parlors

and bathhouses has given rise to practices which endanger the public health, safety, morals and welfare; and
. . .

WHEREAS, the necessity in the public interest for the provisions and prohibitions hereinafter contained and enacted, is declared as a matter of legislative determination and public policy, and it is further declared that the provisions and prohibitions hereinafter contained and enacted are in pursuance of and for the purpose of securing and promoting the public health, safety, morals and welfare;— . . .

In order to rebut the presumption of reasonableness, there must be no reasonably conceivable state of facts which would justify the city council in enactment of this ordinance. *Lenci v. Seattle, supra.* We can conceive that a factual situation similar to *J.S.K. Enterprises, Inc.,* was presented at public hearings held prior to enactment of this ordinance.

■ Having so concluded, we must determine whether section 20 of the ordinance reasonably serves to restrict lewd and immoral activity. *Seattle v. Pullman,* 82 Wn.2d 794, 799, 514 P.2d 1059 (1973). This ordinance curtails the opportunity for lewd and immoral activity between the hours of 10 p.m. and 6 a.m. We must assume, there being no evidence to the contrary, that evidence at the public hearing disclosed such activity occurs to a greater degree during those hours. Therefore, a restriction prohibiting business operation at 10 p.m. directly serves to limit the hours during which activity is most likely to occur. *Patton v. Bellingham,* 179 Wash. 566, 38 P.2d 364, 98 A.L.R. 1076 (1934), is thus distinguishable.

There being no evidence to overcome the presumption, or to negate the facts as conceived herein, section 20 of the ordinance is a reasonable exercise of the police power.

Judgment affirmed.

GREEN, C.J., and McINTURFF, J., concur.