Joanne **HVAMSTAD**, Individually, and
d.b.a. Lolita's, et al., Appellants,

v.

The **CITY OF ROCHESTER**, Minnesota,
et al., Respondents,

and

**Warren Spannaus**, Individually, and as
Attorney General of the State of
Minnesota, Defendant.

No. 48888.

Supreme Court of Minnesota.

Feb. 8, 1979.

Jeffrey R. Anderson, St. Paul, for appellants.

Gerald H. Swanson, City Atty., Rochester, for respondents.

Owen P. Gleason, MCLU Volunteer Atty., Apple Valley, Patsy D. Reinard, MCLU Volunteer Atty., Minneapolis, for amicus.

## ORDER

The above-entitled appeal came on for hearing before a division of this court on January 23, 1979, and was considered and decided by the court en banc. Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the order of the Olmsted County District Court, entered on April 14, 1978, denying plaintiffs' motion for a temporary injunction, be, and the same is, affirmed pursuant to Rule 136.01(2), Rules of Civil Appellate Procedure.

## MEMORANDUM

An appeal from an order denying a motion for a temporary injunction is strictly limited in scope. The lower court's ruling on a motion for a temporary injunction is largely an exercise of judicial discretion. *Cramond v. AFL–CIO,* 267 Minn. 229, 126 N.W.2d 252 (1964). Consequently, the sole issue presented by this appeal is whether the district court's denial of plaintiffs' request for a temporary injunction constitutes a clear abuse of that discretion. *Pickerign v. Pasco Marketing, Inc.,* 303 Minn. 442, 444, 228 N.W.2d 562, 564 (1975); *Thompson v.*

*Barnes*, 294 Minn. 528, 533, 200 N.W.2d 921, 925 (1972); *Cramond v. AFL–CIO, supra,* 267 Minn. 234, 126 N.W.2d 257. It should be noted that on appeal this court will view the facts alleged in the pleadings and affidavits as favorably as possible to the party who prevailed below. *Cramond v. AFL–CIO, supra,* 267 Minn. 234, 126 N.W.2d 257.

This court, in *Dahlberg Brothers, Inc. v. Ford Motor Co.,* 272 Minn. 264, 274, 137 N.W.2d 314, 321 (1965), articulated five considerations relevant in reviewing the trial court's determination of whether to issue or deny temporary injunctive relief:

"(1) The nature and background of the relationship between the parties preexisting the dispute giving rise to the request for relief.

"(2) The harm to be suffered by plaintiff if the temporary restraint is denied as compared to that inflicted on defendant if the injunction issues pending trial.

"(3) The likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief.

"(4) The aspects of the fact situation, if any, which permit or require consideration of public policy expressed in the statutes, State and Federal.

"(5) The administrative burdens involved in judicial supervision and enforcement of the temporary decree." (Footnotes omitted.)

■ Plaintiffs, owners and operators of massage parlors in the City of Rochester, Minnesota, seek to temporarily enjoin the city from enforcing newly-enacted massage parlor regulations pending the outcome of a declaratory judgment action challenging the ordinance's constitutionality. Specifically, plaintiffs challenge those sections of the new ordinance which raise the annual license fee to $3,000, prohibit opposite sex massages, and impose a 10 p. m. closing requirement. We agree with the trial court's conclusion that plaintiffs have not sustained their burden of showing a likelihood of success on the merits. See, e. g., *City of Indianapolis v. Wright,* Ind., 371 N.E.2d 1298, appeal dismissed —— U.S. ——, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978) (opposite sex massage provision upheld); *City of Spokane v. Bostrom,* 12 Wash.App. 116, 528 P.2d 500 (1974) (10 p. m. closing requirement upheld); *Minneapolis Street Ry. Co. v. City of Minneapolis,* 229 Minn. 502, 40 N.W.2d 353 (1949), appeal dismissed 339 U.S. 907, 70 S.Ct. 574, 94 L.Ed. 1335 (1950) (license fees). Further, the record shows that, on balance, the harm suffered by plaintiffs as a result of the denial of a temporary injunction is less than that which would be suffered by the defendant were the requested relief to be granted.

Accordingly, we affirm the trial court and remand, and suggest an expeditious trial on the merits. The district court's orders granting and extending an injunction pending appeal pursuant to Rule 62.02, Minnesota Rules of Civil Procedure, are hereby dissolved.

OTIS, J., took no part in the consideration or decision of this case.