**Charles LEMKE, et al., Respondents,**

v.

**O.V. VanNESS d/b/a Brandondale,
Ltd., Appellant.**

**No. C8–88–1236.**

Court of Appeals of Minnesota.

Feb. 28, 1989.

Ordered Published Feb. 28, 1989.

Lawrence P. Marofsky, Brooklyn Center, for respondents.

Karla R. Wahl, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and NORTON and FLEMING,* JJ.

## OPINION

FOLEY, Judge.

O.V. VanNess d/b/a Brandondale, Ltd. appeals from the judgment requiring Brandondale to reimburse respondents Charles and Diane Lemke for the cost of repairs

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

made by the Lemkes to property leased from Brandondale. Brandondale also appeals from the denial of its motion for new trial. We affirm.

## FACTS

Brandondale is a manufactured home park containing approximately 500 mobile home lots. Lemkes have been tenants in Brandondale since March 1976 and own a mobile home that is placed on top of a double car garage leased to them. The mobile home sits on top of one half of the garage. The other half is used as a deck and entry to the home. The deck has a set of steps affixed to it and a fence around the perimeter.

The lease agreement Lemkes signed in 1976 provides in part:

3. The Lessee shall take good care of the premises and shall maintain the premises in good condition, and at the end of or other expiration of the term hereof, shall deliver the rented premises in good order and condition, wear and tear from reasonable use thereof, and damage by the elements not resulting from the neglect or fault of the Lessee expected [sic].

\*   \*   \*   \*   \*   \*

10. The Lessee agrees that the Lessor and the Lessor's agents, employees, or other representatives, shall have the right to enter into and upon the said premises * * * only with the Lessee's permission or in dire emergency which threatens Life or Property, for the purpose of examining the same or making repairs or alterations therein as may be necessary for the safety or preservation thereof.

\*   \*   \*   \*   \*   \*

16. The Lessee shall conform to all rules and regulations made by the Lessor for the use and government and management of this mobile home park to protect the entire premises * * *.

\*   \*   \*   \*   \*   \*

20. This Lease, and the aforesaid rules and regulations, constitute the entire agreement between the parties and the same is not subject to any modification * * *.

On five occasions between 1976 and 1983, Brandondale made repairs to the Lemkes' garage, deck and stairs without any charge to the Lemkes. Late in 1983, Lemkes experienced problems with the roof of the garage. They noticed leaks, rotting wood, and problems with the fence and railings. They approached the Brandondale property manager and asked for materials with which to make the repairs. No materials were provided and Brandondale did not make repairs.

In March 1984, Lemkes were asked to sign a maintenance agreement. The agreement stated in part that the tenants would now be responsible for repairing and maintaining the decks and steps. Also in March 1984, a newsletter from Brandondale advised the tenants of the promulgation of new rules requiring tenants to repair and maintain the decks and steps. Lemkes refused to sign the maintenance agreement.

In 1985 and again in 1987, Lemkes notified Brandondale of the need to repair the garage roof. They were told that Brandondale did not make repairs. In May 1987, Lemkes called the city inspector to make an inspection of the deck. Between August and September 1987, Lemkes made the repairs as required by the inspection report. The original split rail fence was replaced with a privacy fence.

The trial court found that Lemkes were not legally obligated to repair the deck and stairs, since these structures deteriorated from ordinary wear and tear and damage from the elements and were not a result of negligence on the part of Lemkes. The court also determined that the 1984 rules constituted a substantial modification of the original contract. Lemkes were awarded $1,424 for labor and materials used in rebuilding the deck but were held solely responsible for the cost of building the privacy fence.

## ISSUES

1. Did the trial court err in determining that the landlord had a duty to make repairs under the terms of the lease?

2. Did the trial court err in determining that the rule change promulgated by the landlord constituted a substantial modification under Minn.Stat. § 327C.02 (1986)?

3. Did the trial court properly rule that the city inspector's report was admissible under the business record exception to the hearsay rule?

4. Was the trial court's award of damage to the tenants proper?

### ANALYSIS

The facts in this case are not in dispute, and the scope of review is whether the trial court erred in its application of law. *General Casualty Cos. v. Consolidated Freightways Corp.*, 413 N.W.2d 157, 159 (Minn.Ct.App.1987). The interpretation of the terms of a contract is a question of law to be determined by the court. *Boe v. Christlieb*, 399 N.W.2d 131, 133 (Minn.Ct. App.1987). The appellate court may interpret the contract without deference to the trial court's determination. *Id.*

■ 1. Brandondale argues that it was under no duty to repair and that the lease required the tenants to make repairs. Paragraph 3 of the lease executed in 1976 provides that the lessee "shall maintain the premises in good condition * * * *damages by the elements not resulting from the neglect or fault of the Lessee expected [sic]."* (Emphasis added.) Here, the damage to the property was a result of damage by the elements. Negligence or neglect on the part of Lemkes was not alleged, and the trial court properly concluded that the lease did not obligate Lemkes to make repairs to the deck and stairs.

■ 2. The trial court also properly found that the parties' original contract was not modified by the 1984 rules promulgated by Brandondale. Minn.Stat. § 327C.02, subd. 2 provides in part:

A rule adopted or amended after the resident initially enters into a rental agreement may be enforced against that resident only if the new or amended rule is reasonable and is not a substantial modification of the original agreement. * * * A rule change requiring all resi-

dents to maintain their homes, sheds and other appurtenances in good repair and safe condition shall not be deemed a substantial modification of a rental agreement.

A substantial modification is defined in Minn.Stat. § 327C.01, subd. 11 (1986) as

any change in a rule which: (a) significantly diminishes or eliminates any material obligation of the park owner; (b) significantly diminishes or eliminates any material right, privilege or freedom of action of a resident; or (c) involves a significant new expense for a resident.

The 1984 rule requiring tenants to repair was a substantial modification in that it both significantly diminished or eliminated a material obligation of Brandondale and involved a significant new expense for Lemkes. We also note that the language in Minn.Stat. § 327C.02, subd. 2 stating that there is no substantial modification in a rule change that requires residents to maintain "their homes, sheds and other appurtenances" refers to property owned by the resident, not that of the landlord.

■ 3. At trial, Brandondale objected to the introduction of the city inspector's report. Evidentiary rulings are within the trial court's sound discretion and will be reversed only if there has been an abuse of discretion. *Bahl v. Country Club Market, Inc.*, 410 N.W.2d 916, 919 (Minn.Ct.App. 1987). We find no abuse of discretion here.

■ 4. Finally, Brandondale argues that the amount of damages awarded was improper. The privacy fence was not a component of the original deck, and the trial court noted that the damages could not include an amount for overimprovement. Lemkes presented estimates of their expenditures for labor and materials, but no testimony was presented as to the cost of the privacy fence. The trial court reduced the cost of the materials by 30% and the cost of the labor of 20%. We find the trial court's award to be a reasonable calculation of the amount expended for the repairs.

## DECISION

Affirmed.