88

JOHN J. MITCHELL, *Appellant*, v. THE BOARD OF INDUSTRIAL
INSURANCE APPEALS, *Respondent*.

*John J. Mitchell*, pro se.

*Christine O. Gregoire, Attorney General,* and *Michael P. Lynch, Assistant,* for respondent.

BECKER, A.C.J. — A statute affords qualifying veterans a preference in public employment in recognition of service rendered to their country. In order to comport with the Privileges and Immunities Clause of the Washington Constitution, the statutory preference may apply only where the veteran possesses qualifications that are substantially equal to those of non-veteran applicants. Because the veteran applicant in this case possessed only minimum qualifications, the trial court properly dismissed the suit in which the veteran attempted to enforce the preference.

The Board of Industrial Insurance Appeals advertised an opening for the position of Assistant Chief Industrial Appeals Judge in June of 1999. The job involves supervising other administrative law judges and reviewing their decisions for consistency and accuracy. The employment bulletin listed the "Required Qualifications" as a Juris Doctor degree and active membership in the Washington State Bar Association. The bulletin also contained a list of "Desirable Qualifications," including experience as a Board of Industrial Insurance Appeals Judge or comparable experience as a judge or practitioner. Mitchell held a law degree and was an active member of the bar at the time of his application, thus meeting the "required qualifications." But he had never appeared before the Board, and had no experience with the types of cases it hears.

Mitchell submitted his application along with a form reflecting that he was honorably discharged following active duty with the United States Navy during the Vietnam War. The Board granted Mitchell an interview, but eventually offered the position to another candidate. The successful candidate, a non-veteran, had considerable experience

as a lawyer in the field of industrial insurance and, unlike Mitchell, had experience as a supervisor.

Mitchell sued the Board of Industrial Insurance Appeals to enforce the veteran's preference established by RCW 73.16.015. The court granted the Board's motion for summary judgment and Mitchell appeals.

An order granting summary judgment is reviewed de novo, with the appellate court engaging in the same inquiry as the trial court. *Simpson Tacoma Kraft Co. v. Dep't of Ecology*, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992). Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c).

A Washington statute gives veterans a preference in public employment:

> In every public department, and upon all public works of the state, and of any county thereof, honorably discharged soldiers, sailors, and marines who are veterans of any war of the United States, or of any military campaign for which a campaign ribbon shall have been awarded, and their widows or widowers, shall be preferred for appointment and employment. Age, loss of limb, or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them, provided they possess the capacity necessary to discharge the duties of the position involved: PROVIDED, That spouses of honorably discharged veterans who have a service connected permanent and total disability shall also be preferred for appointment and employment.

RCW 73.16.010. Mitchell argues that this statute establishes an absolute preference for veterans who have the physical capacity to do a job.

Our Supreme Court has enforced this statute to give veteran employees a preference in reinstatement over non-veterans. *State ex rel. Ford v. King County*, 47 Wn.2d 911, 290 P.2d 465 (1955). Mitchell maintains that *Ford* shows that the preference is absolute because in that case the court ordered the employer to prefer veterans without regard to their experience, qualifications, or seniority. But

in *Ford*, no issue arose as to the qualifications of the veterans relative to the non-veterans. *Ford* is not inconsistent with the position advanced here by the Board, that is, the statute commands the selection of a veteran only if the veteran's qualifications are substantially equal to those of the non-veteran.

 We are obliged to construe a statute in a way that is consistent with its underlying purpose and avoids constitutional deficiencies. *State ex rel. Faulk v. CSG Job Ctr.*, 117 Wn.2d 493, 500, 816 P.2d 725 (1991). The statutory preference for veterans confronts the Privileges and Immunities Clause of the Washington Constitution: "No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." CONST. art. I, § 12.

 In order to comport with the Privileges and Immunities Clause, legislative classifications must be reasonable, not arbitrary, and must rest upon some difference which has a fair and substantial relation to the object of the legislation. *City of Seattle v. Larkin*, 10 Wn. App. 205, 516 P.2d 1083 (1973). When a preference based on military service "goes beyond the scope of the actual advantages gained in such service," the classification is arbitrary. *Commonwealth ex rel. Graham v. Schmid*, 333 Pa. 568, 3 A.2d 701, 704 (1938). A statutory veteran's preference is generally held to be unconstitutional if it affords an absolute preference for veterans in employment that requires special skills and abilities beyond the discipline, loyalty and public spirit properly presumed to be characteristic of veterans. *See Graham*, 3 A.2d at 523. Thus, in an action challenging a Seattle City Charter classification preferring veterans, our Supreme Court upheld the provision against a Privileges and Immunities Clause challenge only after finding that its plain intent and meaning was that "the preferred class must possess qualifications equal, that is, practically equal, to those of others not so favored." *State ex rel. Raines v. City of Seattle*, 134 Wash. 360, 370, 235 P. 968 (1925).

The veteran's preference provision examined in *Raines* required all applicants, including veterans, to demonstrate their qualifications by taking an examination. The statute at issue in the present case does not require an examination. It indicates only that a veteran, to be entitled to the preference, must "possess the capacity necessary to discharge the duties of the position involved." RCW 73.16.010. Mitchell argues that the statute obligated the Board to prefer him for the position over the non-veteran because, by meeting the Board's advertised "Required Qualifications" of a law degree and membership in the Bar, he showed that he had the necessary capacity to discharge the duties of the position.

But as indicated by the authorities discussed favorably in *Raines*, an appointing body must have the discretion to determine in its own way whether the veteran is actually qualified to hold the job. *See Raines*, 134 Wash. at 369-74. In light of that discussion, we cannot say that an employer is always obliged to appoint a veteran who meets only the minimum requirements stated in a job description. In this case the position called for skills that are not necessarily acquired in law school or by membership in the bar, just as they are not necessarily learned by serving in the military. The Board announced that it would screen all applicants, and outstanding candidates would be interviewed. Plainly, the selection process was designed to evaluate candidates on more than their ability to meet the minimum requirements.

A case in point is *Brickhouse v. Spring-Ford Area School District*, 540 Pa. 176, 656 A.2d 483 (1995). Brickhouse, a veteran, applied for a non-civil-service teaching position and sued to enforce a veteran's preference statute when the school offered the position to a better-qualified non-veteran. Because he was over the age of 18 and had a teaching certificate, Brickhouse met the minimum stated requirements for employment. Nevertheless, the court held he was not entitled to the preference. Interpreting the statute in light of a constitutional privilege and immunities clause,

the court found that a veteran seeking the preference must demonstrate the ability to perform the job at the level of skill demanded by the employer. "The employer must be free to set the hiring requirements of that job as they reasonably relate to the duties to be performed in order to ensure that the person hired will be competent." *Brickhouse*, 656 A.2d at 487.

*Brickhouse* is consistent with *Raines*. A legislative classification favoring veterans is reasonable, and does not violate the Privileges and Immunities Clause, only if its enforcement is limited to situations where the veteran possesses qualifications substantially equal to those of non-veteran applicants.

Mitchell points out that the Montana Supreme Court has interpreted a similar veteran's preference statute as affording an absolute preference. *Crabtree v. Mont. State Library*, 204 Mont. 398, 665 P.2d 231 (1983). Because *Crabtree* is inconsistent with *Raines*, we find it unpersuasive.[1]

Mitchell argues that the veteran's preference is illusory if it can be defeated by an employer's discretionary determination that a non-veteran applicant was more qualified. We do not hold that the discretion to prefer a non-veteran is unbounded. We simply reject Mitchell's argument that the preference is absolute. Mitchell's suit does not withstand the Board's motion for summary judgment because Mitchell has submitted no evidence that he possesses qualifications substantially equal to those of the non-veteran who was hired.

Affirmed.

KENNEDY and COX, JJ., concur.

---

[1] *Crabtree* prompted the Montana Legislature to amend its veteran's preference statute to provide for a tie-breaking preference rather than an absolute preference. *See Olson v. Dep't of Revenue*, 235 Mont. 31, 765 P.2d 171, 172 (1988).