Nancy **SARGENT,** Colleen **Barrett** and Michelle **Nisbit,** on behalf of themselves and all others similarly situated, **Respondents,**

v.

**BETHEL PROPERTIES,
INC., Appellant.**

No. C0–02–430.

Court of Appeals of Minnesota.

Dec. 10, 2002.

Kay Nord Hunt, Barry A. O'Neil, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, MN, for respondents.

Michael C. Lindberg, Molly Thompson Prokott, Johnson & Lindberg, P.A., Minneapolis, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge, SCHUMACHER, Judge, and KLAPHAKE, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant Bethel Properties, Inc., a manufactured-home park owner, challenges the district court's order granting partial summary judgment and injunctive relief to respondents Nancy Sargent, Colleen Barrett and Michelle Nisbit, on behalf of themselves and all other similarly situated (Sargent, Barrett, and Nisbit), residents in Bethel's park. Bethel argues that the court's ruling is based on an erroneous interpretation of Minn.Stat. § 327C (2002). We affirm.

## FACTS

The relevant facts in this matter are undisputed. Bethel owns and operates a

manufactured-home park in which Sargent; Barrett and Nisbit rent lots. Sargent, Barrett and Nisbit's lease agreements provide that water and sewer services are included in each respondent's monthly lot-rental fee. In a June 1999 letter, Bethel announced that it would soon begin charging Sargent, Barrett and Nisbit for water and sewer services in addition to rent.

Sargent, Barrett and Nisbit brought a class action complaint alleging, among other things, that Bethel's addition of water and sewer fees was a new rule that substantially modified their existing rental agreements, thereby violating both Minn. Stat. §§ 327C.01–12 (2002) and Sargent, Barrett, and Nisbit's rental agreements, which contained language modeled on chapter 327C. Bethel argued that the utility fees were a permissible rent increase. Sargent, Barrett, and Nisbit moved for summary judgment on the statutory and breach of contract claims and requested injunctive relief precluding Bethel from charging the fees. The district court granted Sargent, Barrett and Nisbit's motion and issued the injunction requested. This appeal followed.

## ISSUE

Did the district court err by concluding that Bethel's addition of utility charges to Sargent, Barrett, and Nisbit's rental agreements was a new rule that substantially modified the agreements and that was consequently unenforceable under Minn.Stat. § 327C.02 (2002)?

## ANALYSIS

On appeal from summary judgment, we consider whether any genuine issue of material fact exists and whether the district court erred in applying the law. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996). Where, as here, a district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion that we review de novo. *Lefto v. Hoggsbreath Enter., Inc.*, 581 N.W.2d 855, 856 (Minn. 1998).

Bethel argues that the addition of water and sewer charges constituted a permissible rent increase pursuant to Minn.Stat. §§ 327C.01–.12 (2002), and not a prohibited rule modification, as Sargent, Barrett, and Nisbit argue. We disagree. Minn.Stat. § 327C.02, subd. 1(c), requires a manufactured home park rental agreement to specify "all rules applicable to the resident." A "rule" is a "provision, regulation, rule or policy through which a park owner * * * seeks to control or affect the behavior of residents." Minn.Stat. § 327C.01, subd. 10.

Bethel argues that its decision to impose separate water and sewer charges was intended to increase revenue, not to control Sargent, Barrett, and Nisbit's behavior, and is therefore a rent increase. But Bethel's June 1999 letter clearly states that the purpose of the separate charges was to "closely monitor" park residents' "extraordinary" water consumption. The letter states that payment for the utility "charges will be due along with [Sargent, Barrett, and Nisbit's] rent payment." The letter never states or implies that the fees will be incorporated into the rent payment. After Bethel began charging for sewer and water, Sargent, Barrett, and Nisbit's monthly bills listed "current rent due" and "sewer and water" as separate charges. We note that Bethel did not reduce the amount of rent due when it began charging separately for water and sewer services.

Bethel argues that the imposition of utility charges constituted a rent increase because it complied with Minn.Stat. § 327C.06, which expressly authorizes

park owners to increase rent up to two times a year, provided residents affected by the increase are given 60 days' written notice. But Bethel's decision to provide the required notice proper for a rent increase when imposing utility charges has no bearing on whether utility charges added to an existing lease constitute a rent increase or a rule modification.

■ Bethel also argues its decision to charge Sargent, Barrett, and Nisbit for water and sewer services was legal and enforceable pursuant to Minn.Stat. § 327.04, which expressly authorizes park owners to install water meters and charge park residents for utility services, including water and sewer, provided the charges are accurate and applied at a permissible rate. Minn.Stat. § 327.04, subds. 1–3. But Bethel's general statutory authority to charge for utilities does not also authorize Bethel to alter existing rental agreements by adding utility charges.

We are not persuaded by Bethel's contention that treating the addition of utility charges as a rule modification rather than as a rent increase will lead to inconsistent results by preventing park owners from complying with all of section 327C's provisions. A new or amended rule is unenforceable against a resident with an existing rental agreement unless the "rule is reasonable and is not a substantial modification of the original agreement." Minn. Stat. § 327C.02, subd. 2. A "substantial modification" is

> any change in a rule which: (a) significantly diminishes or eliminates any material obligation of the park owner; (b) significantly diminishes or eliminates any material right, privilege or freedom of action of a resident; or (c) involves a significant new expense for a resident.

Minn.Stat. § 327C.01, subd. 11. The district court did not err by finding that Bethel's decision to add utility charges to

Sargent, Barrett, and Nisbit's lease agreements constituted a new rule and not a rent increase.

We conclude that each statutory criterion was satisfied when Bethel shifted the burden of utility payments to Sargent, Barrett, and Nisbit. *See Lemke v. Van-Ness,* 436 N.W.2d 784, 787 (Minn.App. 1989) (holding that new rule substantially modified manufactured-home park rental agreement by requiring residents, instead of park owner, to repair storm-damaged property).

■ Bethel argues that because Minn. Stat. § 327C.04 authorizes park owners to charge residents for utilities, metered utility charges are presumptively legal as long as the rates are "permissible" under the statute, regardless of whether the charges substantially modify existing rental agreements. *See* Minn.Stat. § 327.04, subd. 3 (defining permissible utility rate as the amount a resident would pay for comparable service from a comparable provider in the same market area). But the statute's prohibition against enforcing substantial modifications of existing rental agreements makes no exception for modifications imposing otherwise permissible utility fees when those fees are imposed through a substantial modification of an existing rental agreement.

We hold that the separate water and sewer charges were substantial modifications of Sargent, Barrett, and Nisbit's rental agreements under Minn.Stat. § 327C.02 and were therefore unenforceable as a matter of law. The district court appropriately granted Sargent, Barrett, and Nisbit partial summary judgment. We further hold that the district court properly enjoined Bethel from continuing to charge the illegal utility fees. *See Hvamstad v. City of Rochester,* 276 N.W.2d 632, 632 (Minn.1979) (stating that

decision to issue injunction is reviewed for abuse of discretion); *Dahlberg Bros., Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965) (listing factors to consider before granting injunctive relief).

### DECISION

Under Minn.Stat. § 327C.02, subd. 2, and the terms of Sargent, Barrett, and Nisbit's rental agreements, Bethel's addition of utility charges to the agreements was a new rule that substantially modified the agreements and was therefore unenforceable. The district court properly granted Sargent, Barrett, and Nisbit partial summary judgment and injunctive relief.

**Affirmed.**