**Henry E. GOSSAGE, PlaintiffAppellant,**

v.

**State of WASHINGTON; et al., Defendants—Appellees.**

No. 04–35970.

D.C. No. CV–03–05138–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Henry E. Gossage, Olympia, WA, pro se.

Michael Patrick Lynch, AGWA—Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Washington; Robert J. Bryan, District Judge, Presiding.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM**

Henry E. Gossage appeals pro se the district court's summary judgment in favor

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of the defendants in his 42 U.S.C. § 1983 action alleging discrimination in hiring on account of his race, former convict status, and disability. Gossage also alleged that defendants violated his right to due process by not according him the veteran's preference provided by Wash. Rev.Code § 73.16.010. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), and we affirm.

The district court properly granted summary judgment on Gossage's claims arising from events that occurred before March 13, 2000, because they were time-barred. *See* Wash. Rev.Code § 4.16.080(2) (providing a three-year statute of limitations for personal injury actions).

The district court properly found that the tie-breaking preference created by Wash. Rev.Code § 73.16.010 did not create a federally-protected property interest in employment that defendants violated. *See Mitchell v. Bd. Of Indus. Ins. Appeals*, 109 Wash.App. 88, 34 P.3d 267, 269–70 (2001); *Gossage v. Washington*, 112 Wash.App. 412, 49 P.3d 927, 934 (2002).

The district court properly granted summary judgment on Gossage's race discrimination claims under Title VII because he failed to raise these claims first with the EEOC. *See* 42 U.S.C. § 2000e–16(c); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.2001).

Gossage's remaining contentions lack merit.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.