322

S & D Paving Co., Inc., *Appellant,* v. Douglas County
*et al., Respondents.**

*Ned W. Kimball* and *David T. Ellis,* for appellant.

*Robert A. Hensel* and *Lowell D. Sperline,* for respondents.

Denney, J.†—S & D Paving Co., Inc., owns land adjacent to the Columbia River several hundred yards south of the town of East Wenatchee. It petitioned the Douglas County Planning Commission to rezone from suburban agricultural to light industry and to grant a conditional use permit to process rock, gravel and asphalt products. After a hearing, the planning commission granted both petitions. Opponents of the application appealed the decision to the Board of County Commissioners of Douglas County (hereafter called the board). After a hearing the board rezoned to light industry but denied the petition of S & D Paving Co., Inc., for a conditional use permit to operate the asphalt plant.

S & D Paving Co., Inc., petitioned the Superior Court for Douglas County for a writ of review, or in the alternative, for a writ of mandate to require the board to grant the conditional use permit. The superior court affirmed the deci-

*Reported in 428 P.2d 720.

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

sion of the board and denied the petition for a writ of mandamus. S & D Paving Co., Inc., appeals, contending that the action of the board was arbitrary, capricious and was based on the desires of the landowners in the area rather than the promotion of the orderly and proper development of the community as a whole.

The record before us is meager, consisting only of brief minutes of the planning commission and the board. There is no transcript of the testimony presented to either body and no record of the action of the board except the motion of one of the commissioners to revoke the conditional use permit previously granted by the planning commission and a second to said motion by another commissioner. No record of the proceedings before the superior court is before us, nor did the court make any findings of fact or conclusions of law to support its judgment and decree. No memorandum opinion was filed from which we can ascertain what view the trial court took of the facts, nor does the record contain a transcript of any oral opinion of the trial court if such was given.

Rule of Pleading, Practice and Procedure 52.04W provides that the trial court shall make findings of fact in all equity cases and in all law cases tried to the court without a jury. With regard to law cases this rule of court restates the statutory rule (RCW 4.44.050) which has existed since before statehood.

We have in many types of actions remanded a case for the entry of findings of fact. *Bowman v. Webster*, 42 Wn.2d 129, 253 P.2d 934 (1953) (equity action for specific performance); *Hansen v. Hansen*, 43 Wn.2d 520, 262 P.2d 184 (1953) (divorce action involving custody of children); *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954) (fraud in sale of real property); *Brear v. State Highway Comm'n*, 63 Wn.2d 815, 389 P.2d 276 (1964) (action to foreclose statutory lien); *State v. Helsel*, 61 Wn.2d 81, 377 P.2d 408 (1962); *State v. Wilks*, 70 Wn.2d 626, 424 P.2d 663 (1967) (criminal action tried to the court). The case of *Groff v. Department of Labor & Indus.*, 65 Wn.2d 35, 395 P.2d 633

(1964), was remanded to the trial court for the entry of more detailed findings of fact when such findings had to be based on the record made before the Board of Industrial Insurance Appeals. In the case of *Northern Pac. Transp. Co. v. Washington Util. & Transp. Comm'n*, 69 Wn.2d 472, 481, 418 P.2d 735 (1966), we had this to say regarding the advisability of findings of fact in a case on appeal from the decision of an administrative body:

> [T]he . . . overlap between "law" and "fact" in administrative law, coupled with the key problem of determining the legal significance or importance of the "fact findings," makes precise findings of fact and conclusions of law an essential part of a trial court record presented to us on appeal.

■ Before the adoption of Rule 52.04W we held findings of fact and conclusions of law to be essential in a mandamus action and sent the case back to the trial court for the entry of such findings of fact and conclusions of law. *State ex rel. Howland v. Olympia Veneer Co.*, 131 Wash. 209, 229 Pac. 529 (1924). In this case S & D Paving Co., Inc., sought a writ of mandamus or reversal of the decision of the board by a writ of review. We can see no reason why findings of fact should not be made in such an action as much as any other type of action.

The trial court was required to determine from testimony or from the record of the board whether or not it had acted arbitrarily or capriciously. This determination of necessity had to be made on the basis of the facts as found by the trial court. We are left completely in the dark as to the facts which prompted the trial court to affirm the decision of the board. With no findings of fact, conclusions of law, memorandum decision or transcript of oral decision to provide a foundation for review, we must reverse and remand the case for entry of findings of fact, conclusions of law and judgment from which the aggrieved party may appeal. It is so ordered.

FINLEY, C. J., HILL, DONWORTH, and HAMILTON, JJ., concur.