[No. 38363.   En Banc.   November 2, 1967.]

HOWARD O. BOWEN, *Appellant,* v. STATEWIDE CITY
EMPLOYEES RETIREMENT SYSTEM, *Respondent.*\*

*Burns & Schneiderman* and *James D. Burns,* for appel-
lant.

\*Reported in 433 P.2d 150.

*Horace G. Geer,* for respondent.

FINLEY, C. J.—This case involves interpretation of a statute which provides pension benefits for certain city employees. We are being asked to determine whether a policeman who was permanently and totally disabled in the line of duty is eligible for a pension under this statute.

The essential facts are stipulated. Appellant became a police officer for the city of Auburn Police Department in August of 1959. He became a member of respondent statewide city employees retirement system on July 8, 1960, when Auburn joined respondent organization. Appellant, while acting in the line of duty as a motorcycle patrolman, sustained serious injuries when a motorist he was pursuing forced him off the roadway. Appellant was periodically hospitalized until February 3, 1961, at which time he returned to work for the Auburn Police Department as an office clerk. In October of 1961, appellant applied to respondent retirement system for retirement and a disability pension. He was examined by one of respondent's doctors who certified him as permanently and totally disabled. On November 1, 1961, appellant was retired and began receiving $207.02 per month, one-half his prior salary. Respondent continued to pay appellant this sum for 7 months, but thereafter stopped making payments.

Appellant initiated this action to compel respondent to reinstate and resume paying his disability allowance. Respondent counterclaimed for the amount of the disability payments theretofore made, less appellant's contributions to the retirement system, or $1,076.07, on the grounds that appellant was not eligible for the payments and that they had been paid erroneously. The trial court, sitting without a jury, dismissed appellant's complaint and rendered judgment for respondent on its counterclaim.

Appellant's eight assignments of error pose only one question: whether the trial court properly determined, as a matter of law upon the undisputed facts, that appellant was ineligible to receive the pension sought. The answer to this question depends upon whether the phrase "regardless of

his age or years of service," contained in subsection (3) of RCW 41.44.170, concerns an employee's eligibility for a disability allowance, or whether it concerns solely the amount of disability allowance payable to an otherwise eligible employee. Two sections of a statute must be interpreted: RCW 41.44.160 and RCW 41.44.170.

RCW 41.44.160, prior to amendment in 1965, provided in part as follows, Laws of 1951, ch. 275, § 12:

> Any member *who has at least five years of creditable service* within the fifteen years immediately preceding retirement and has not attained the age of sixty-five years, or *who attains or has attained the age of sixty-five years* prior to two years after the effective date, may be retired by the board for permanent and total disability, either ordinary or accidental . . . . (Italics ours.)

Appellant worked only 2 years for the city of Auburn. He is less than 65 years of age. Clearly he does not meet either of the qualifications for a disability allowance set forth in RCW 41.44.160. It is appellant's contention, however, that an exception to these qualifications was created by the 1961 amendment of RCW 41.44.170(3). This subsection, as amended, provides in part that when a member of respondent retirement system is disabled *while acting in the line of duty* he shall receive, in lieu of other benefits provided in the statute, a monthly allowance equal to one-half his final compensation, "regardless of his age or years of service."

Respondent contends first that it is the 1957, rather than the 1961, version of section 170 which is applicable in the instant matter, and second that in any event the term "regardless of his age or years of service" refers to the method of computing pension allowances set forth in subsections (1) and (2) of section 170, rather than to the eligibility requirements of section 160.

If the 1957 version of the section applies, appellant's position is not sustainable. Subsection (3) of the 1957 statute merely provided for additional compensation for members disabled in the line of duty, and in no way relates to the eligibility requirements of section 160. If the 1961 version applies, however, then it is at least debatable that subsec-

tion (3) contains an exception to the eligibility requirements of section 160.

■ ■ Washington follows the rule that pension rights vest upon commencement of employment or, as in our case, when the pension statute becomes applicable to the employee. Pensions are in essence deferred compensation. *Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964); *Bakenhus v. Seattle,* 48 Wn.2d 695, 296 P.2d 536 (1956). Respondent stresses the case of *State ex rel. Johnson v. Funkhouser,* 52 Wn.2d 370, 325 P.2d 297 (1958), to support his position that, because appellant's rights to a pension vested at the time the city of Auburn joined respondent system, his rights therein are fixed as of that date. However, *Funkhouser* is not apposite to the instant case. Time of vesting and fixing of rights are two different matters. *Funkhouser* concerned an attempted divestment of pension benefits rather than an increase of benefits. The legislature has the power to reasonably alter pension rights at any time so long as their alterations are equitable to the employees affected. *Dailey v. Seattle,* 54 Wn.2d 733, 344 P.2d 718 (1959); *Letterman v. Tacoma,* 53 Wn.2d 294, 333 P.2d 650 (1958). Certainly the 1961 amendment, effective prior to the date respondent found appellant eligible for a pension, equitably altered appellant's pension rights. We thus hold that section 170 as amended in 1961 is the applicable version of the statute.

The second question for our consideration is whether subsection (3) of section 170, as amended in 1961, relates to the amount of disability allowance which may be paid, or whether it contains an exception to the eligibility requirements of section 160. Subsection (3) is as follows:

> If it appears to the satisfaction of the board that permanent and total disability was *incurred in line of duty,* a member shall receive *in lieu of* the retirement allowance provided under subdivisions (1) and (2) of this section full pay from, and be furnished all hospital and medical care by, the city for a period of six months from the date of his disability, and commencing at the expiration of such six month period, shall receive a retirement

allowance, *regardless of his age or years of service,* equal to fifty percent of his final compensation exclusive of any other benefit he may receive. (Italics ours.)

The referent of the "regardless of his age or years of service" clause is not at all clear. The clause *could* be construed to refer to the "age" and "years of service" criteria in subsections (1) and (2) of section 170. Appellant contends that age is not a factor in determining an allowance under subsections (1) and (2) and that the "regardless" clause thus *must* apply *exclusively* to section 160 as an exception to its eligibility requirements. However, the wording of the sections in no way compels this result. Subsection 170(1) states that a member shall receive an allowance which shall consist of "an annuity which shall be the *actuarial equivalent* of his accumulated normal contributions . . . ." (Italics ours.) RCW 41.44.030(27) defines the term "actuarial equivalent" as "a benefit of equal value when computed at regular interest upon the basis of such mortality tables as shall be adopted by the board of trustees." To compute the annuity due a retiree, respondent must determine the retiree's life expectancy, a determination which is based in part upon his age at the time of retirement.

It is certainly possible, however, as respondent conceded during oral argument, that the "regardless" clause *does not* refer to the age and years of service criteria in subsections (1) and (2). If the clause is applied to section 170, rather than to section 160, it appears to serve no necessary purpose. Subsection (3), by its terms, applies *in lieu* of subsections (1) and (2), and thus an additional clause excluding factors or considerations already excluded seems superfluous. On the other hand, if the "regardless" clause is construed to apply to section 160 and to except its age and years of service eligibility requirements, its existence fits more meaningfully into the entire statutory scheme. See *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 382 P.2d 639 (1963); *Finley v. Finley,* 43 Wn.2d 755, 264 P.2d 246, 42 A.L.R.2d 1379 (1953).

■ Because the "regardless" clause of subsection (3) does not necessarily apply to the provisions of either section 170 or section 160, we regard it as being patently ambiguous. It is thus a proper subject for judicial interpretation. *State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 380 P.2d 735 (1963); *State v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957).

■■ We think the 1961 amendment expanded the applicability of part of subsection (3) of section 170 to include section 160. This interpretation is consistent with the rule that, in cases involving pensions when there is statutory ambiguity, doubt should be resolved in favor of the party for whose benefit the pension statute was intended. 3 E. McQuillan, Municipal Corporations § 12.143 (3d rev. ed. 1963). See generally 82 C.J.S. *Statutes* § 388 (1953). We hold that the "regardless" clause in subsection (3) of section 170 provides an exception to the requirement that a member of respondent retirement system must have worked a minimum of 5 years for a city or achieved a minimum age of 65 years to be eligible for a pension allowance whenever the member has been totally and permanently disabled in the line of duty.

This conclusion brings the State-wide City Employees' Retirement System Law into line with other legislation affecting pension rights of city employees. For example, RCW 41.20.060 grants a pension to policemen in first class cities regardless of age or term of service if they are disabled in the line of duty. In the same manner, regular firemen, RCW 41.18.050, and volunteer firemen, RCW 41.24.150, may receive a pension if disabled in the line of duty regardless of age or term of service.

■■ The 1965 amendment by the legislature of section 160 lends further support to our conclusion. This section now expressly provides that "any member, regardless of his age or years of service, may be retired by the board for any permanent and total disability incurred in line of duty, upon examination . . . ." This amendment may have been enacted to clarify the ambiguity previously created by

the joint effect or interplay of sections 160 and 170. As we stated in *Fisher Flouring Mills Co. v. State,* 35 Wn.2d 482, 490, 213 P.2d 938, 942 (1950), the presumption that a statutory amendment is intended by the legislature to change existing law may be rebutted "if surrounding circumstances indicate that the legislature intended merely to *interpret* the original act." One well recognized indication of legislative intent to clarify, rather than change, existing law is doubt or ambiguity surrounding a statute. 2 J. Sutherland, Statutory Construction § 5110, at 526 (3d ed. 1943). This indication is present in the instant case.[1]

The judgment is reversed, and the case is remanded with instructions to the trial court to enter judgment in favor of appellant.

HILL, DONWORTH, WEAVER, ROSELLINI, HUNTER, HAMILTON, and HALE, JJ., concur.

---

[1]Respondent also contends that, because appellant was eligible for workmen's compensation benefits, he is precluded from recovery by RCW 41.44.160. This contention, disputed by appellant, was not made an issue either in the trial court or on appeal.