[No. 5814–1. Division One. September 11, 1978.]

FRANK J. STEGMEIER, *Respondent,* v. THE CITY OF EVERETT, ET AL, *Appellants.*

*Mark T. Patterson,* for appellants.

*Robert W. McKisson,* for respondent.

RINGOLD, J.—The primary question presented on this appeal is whether charges for prescribed eyeglasses are covered by the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act, RCW 41.26.

Frank J. Stegmeier is a former policeman for the City of Everett who was placed on disability retirement by the Everett Police Disability and Pension Board (Board) in October 1972. At a regular meeting of the Board on December 21, 1976, Stegmeier's request for payment for certain medical bills was denied, including a request to pay an $88.24 bill from Physician's Optical Service for eyeglasses prescribed by his opthalmologist. The Board had previously authorized payment for the eye examination which had resulted in the prescription for eyeglasses. Stegmeier filed an application for a writ of mandamus in the Snohomish County Superior Court which was granted on June 30, 1977. The City of Everett's appeal concerns only that portion of the trial court's order which requires it to pay for eyeglasses. Stegmeier cross–appeals from an order denying his request for attorney's fees. We reverse the order to pay for eyeglasses and affirm the order denying attorney's fees.

RCW 41.26.150(1) states in relevant part:

(1) Whenever any active member, or *any member hereafter retired,* on account of service, sickness or disability, not caused or brought on by dissipation or abuse,

of which the disability board shall be judge, is confined in any hospital or in his home, and whether or not so confined, requires *medical services,* the employer shall pay for such active or retired member the necessary *medical services* not payable from some other source . . .

(Italics ours.)

The term "medical services" is defined in RCW 41.26-.030(22):

"Medical services" shall include the following as minimum services to be provided. Reasonable charges for these services shall be paid in accordance with RCW 41.26.150.

(a) Hospital expenses: These are the charges made by a hospital, in its own behalf, for

(i) Board and room not to exceed semiprivate room rate unless private room is required by the attending physician due to the condition of the patient.

(ii) Necessary hospital services, other than board and room, furnished by the hospital.

(b) Other medical expenses: The following charges are considered "other medical expenses", provided that they have not been considered as "hospital expenses".

(i) *The fees of the following:*

(A) A physician or surgeon licensed under the provisions of chapter 18.71 RCW;

(B) An osteopath licensed under the provisions of chapter 18.57 RCW;

(C) A chiropractor licensed under the provisions of chapter 18.25 RCW.

(ii) The charges of a registered graduate nurse other than a nurse who ordinarily resides in the member's home, or is a member of the family of either the member or the member's spouse.

(iii) *The charges for the following medical services and supplies:*

(A) Drugs and medicines upon a physician's prescription;

(B) Diagnostic x–ray and laboratory examinations;

(C) X–ray, radium, and radioactive isotopes therapy;

(D) Anesthesia and oxygen;

(E) Rental of iron lung and other durable medical and surgical equipment;

(F) Artificial limbs and eyes and casts, splints, and trusses;

(G) Professional ambulance service when used to transport the member to or from a hospital when he is injured by an accident or stricken by a disease;

(H) Dental charges incurred by a member who sustains an accidental injury to his teeth and who commences treatment by a legally licensed dentist within ninety days after the accident;

(I) Nursing home confinement or hospital extended care facility;

(J) Physical therapy by a registered physical therapist;

(K) Blood transfusions, including the cost of blood and blood plasma not replaced by voluntary donors;

(L) *An optometrist* licensed under the provisions of chapter 18.53 RCW.

(Italics ours.) The last paragraph (L) was added by the 1974 amendment. Laws of 1974, 1st ex. sess., ch. 120, § 1, p. 324.

■ Prior to the addition of paragraph (L) there was no language in RCW 41.26.030(22) which could reasonably be construed to include prescribed eyeglasses within the definition of "medical services." Stegmeier argues that because drugs and medicines prescribed by a physician were covered, it must have been intended to also cover eyeglasses prescribed by a physician. This argument might be properly addressed to the legislature, but in this context it proves too much. Despite all the specificity in the statute, including prescribed drugs and medicines, we find not the slightest hint that prescribed eyeglasses were covered.

The trial court concluded that the addition of the provision concerning optometrists created a statutory ambiguity in regard to payment for prescribed eyeglasses. We disagree. We believe the addition of paragraph (L) was intended to pay optometrists for their services and thereby place them on the same basis as ophthalmologists. We find nothing in the addition of paragraph (L) on optometrists to support the conclusion that eyeglasses are now covered. Paragraphs (A)–(L) are preceded by "(iii) The charges for the following medical services and supplies". Many of the

items in paragraphs (A)–(L) are supplies—others are services. Eyeglasses, which are supplies, are not listed. An optometrist, who provides a service, is listed. There is no indication that when a service is listed, its unlisted supplies are intended to be included, nor vice–versa. The definition is specific and unambiguous.[1]

Stegmeier, however, is also relying on the trial court's oral finding of "arbitrariness and capriciousness" to support the order. He relies on the evidence which tends to show a history of harassment by city officials, including the refusal to allow Stegmeier to record the December 21 meeting of the Board, prior payment for eyeglasses for other retired officers and the failure of the city to prove it had rejected anyone else's application for payment for eyeglasses.

■ RCW 41.26.030(22) defines "medical services" as certain minimum services and the Board has the discretion to pay for more than these minimum services. The record shows the Board has previously chosen to exercise its discretion by paying for prescribed eyeglasses. Mandamus, however, does not lie to compel the performance of discretionary acts. Courts interfere only if the action is so arbitrary and capricious as to evidence a total failure to exercise discretion. As stated in *Boe v. Gorton,* 88 Wn.2d 773, 775, 567 P.2d 197 (1977):

> Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without

---

[1] We reject the analysis in Attorney General Opinion, May 12, 1975, which concludes that (L) requires payment for prescribed eyeglasses. The attorney general reasons that if the legislature only intended to cover an optometrist's fees, the provision would have been added to (i), which is the section covering the fees of physicians, osteopaths and chiropractors. The opinion concludes that the legislature must have intended to cover more than just the fees for an optometrist's services. We disagree. The legislature merely chose to include fees for certain medical services in one section and charges for other medical services in another section. The definition is quite specific and if the legislature desires to cover prescribed eyeglasses, it is as simple to add them to the definition as it was to add coverage for the charges of an optometrist. Based upon the analysis in our decision, we also reject that portion of the attorney general's opinion which found paragraph (L) ambiguous.

consideration and in disregard of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.

(Citations and italics omitted.)

We conclude the Board gave due consideration to the facts and circumstances, and we cannot interfere with its discretionary refusal to pay for eyeglasses.[2]

 Stegmeier seeks attorney's fees for his successful prosecution of the writ of mandamus. This issue is still before us because he has prevailed on that portion of the writ of mandamus which is unchallenged on appeal. He concedes that current Washington law does not permit recovery of attorney's fees upon successful prosecution of a petition for a writ of mandamus. *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 111 P.2d 612 (1941), *State ex rel. Pacific Bridge Co. v. Washington Toll Bridge Authority*, 8 Wn.2d 337, 112 P.2d 135 (1941). Stegmeier argues for an exception whenever the action of the agency or official has been arbitrary and capricious. *Barten v. Turkey Creek Watershed Joint Dist. 32*, 200 Kan. 489, 438 P.2d 732 (1968). *See* Annot., 73 A.L.R.2d 903 (1960).

We do not reach the merits of this contention because the record reflects a reasonable basis for refusing to pay the

---

[2]Although not argued by either party on appeal, we could remand for entry of findings of fact and conclusions of law since they are required in an action seeking a writ of mandamus. *S & D Paving Co. v. Douglas County*, 71 Wn.2d 322, 428 P.2d 720 (1967). While *S & D Paving* was decided pursuant to former RPPP 52.04W, it undoubtedly remains the law under the present rules. CR 52, 81(a); *Chief Seattle Properties, Inc. v. Kitsap County*, 86 Wn.2d 7, 541 P.2d 699 (1975). We do not remand this case because the verbatim report shows no basis for a conclusion that the Board did not exercise its discretion. Furthermore, the trial court did not conclude that discretion was not exercised. From the trial court's oral opinion, it is evident that the basis of its decision was the conclusion that the legislature had created a statutory ambiguity which the Board had to construe in favor of the pensioner. *Bowen v. Statewide City Employees Retirement Sys.*, 72 Wn.2d 397, 433 P.2d 150 (1967). Since we conclude there is no ambiguity, no such duty applied to the Board and there is no support for the lower court's decision.

other bill submitted by Stegmeier. The bill resulted from a second opinion obtained because Stegmeier disputed the findings made by a doctor authorized by the Board to examine him. The Board unsuccessfully argued this second opinion was not a "necessary medical expense" but rather a litigation–related expense. Though the trial court held this reason was insufficient to justify a refusal to pay, we hold it was not an arbitrary and capricious argument.

We therefore are bound to the rule that attorney's fees are not recoverable except pursuant to contract, statute or a recognized ground of equity. *Weiss v. Bruno,* 83 Wn.2d 911, 523 P.2d 915 (1974).

The order of the trial court directing the Board to pay for eyeglasses is reversed. The order of the trial court refusing to award attorney's fees as damages is affirmed.

Reversed in part; affirmed in part.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied December 20, 1978.