[No. 74020-8.   En Banc.]
Argued March 11, 2004.   Decided April 29, 2004.

MARK R. HODGE, *Petitioner*, v. LARRY RAAB, ET AL., *Respondents*.

*Martin D. Fox* and *John Gorrell*, for petitioner.

*Arthur D. Leritz* and *Gary A. Trabolsi* (of *Gardner Bond Trabolsi St. Louis & Clement, P.L.L.C.*), for respondents.

JOHNSON, J. — This case requires us to determine whether a general liability garage policy that provides coverage for customers' vehicles must also include uninsured motorist protection. The Court of Appeals held that only insurance policies issued with respect to a vehicle registered or principally garaged in Washington are required by RCW 48.22.030(2) to include uninsured motorist coverage. The policy issued in this case provided liability coverage for garage operations and not liability coverage for automobiles. We affirm the Court of Appeals.

## FACTUAL AND PROCEDURAL HISTORY

This case arises out of injures sustained by Mark R. Hodge during the course of his employment with Larry Raab's Auburn Valley Chevron (Raab). Auburn Valley Chevron is a service station that employed Hodge as a mechanic.

On May 8, 1998, Hodge was seriously injured while servicing a customer's truck. Clerk's Papers (CP) at 20. The customer engaged the ignition of the truck, causing the vehicle to lurch forward and pin Hodge against the wall of the garage. Br. of Appellant at 8. The truck, owned by Thomas Pullman, did not have automobile liability insurance at the time of the accident.[1] CP at 215. Raab, however, had a general liability garage policy issued by Mutual of Enumclaw Insurance Company (Mutual).

The policy stated that Mutual would "[p]ay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations." Part III Liability Insurance (A)(1); CP at 134. The policy specifically excluded "[a]ny auto used in connection with garage operations." Part III Liability Insurance (B)(7); CP at 134. This exclusion, however, did not apply to customers' vehicles. CP at 105.

Accordingly, an "Employer Non-Ownership Automobile Liability Insurance Endorsement" in the policy provided liability coverage for bodily injury or property damage arising out of the use of customers' vehicles in the business of the named insured (Raab) but specifically excluded claims made by employees. CP at 108. The policy did not include uninsured motorist protection. Hodge then filed a claim with Mutual, which was denied.

On April 6, 2001, Hodge filed a declaratory judgment action in the King County Superior Court, seeking a determination that the policy issued by Mutual to Raab provided

---

[1] Although the accident was attributed to the negligence of the owner, Thomas Pullman, no cause of action was brought against him.

coverage to employees injured by an uninsured vehicle while in the course and scope of their employment. Hodge named Raab, doing business as Auburn Valley Chevron, and Mutual as defendants. CP at 3. He then filed a motion for summary judgment, arguing that Mutual was required to offer uninsured coverage to Raab and/or obtain a waiver and that the employee exclusion in the policy did not apply.

On August 10, 2001, Raab and Mutual filed a motion for summary judgment. On November 8, 2001, the trial court granted Raab and Mutual's motion for summary judgment and denied Hodge's motion for summary judgment. The court concluded that the policy excluded Hodge's claims for injuries and that Mutual was not required to offer uninsured motorist coverage to Raab under RCW 48.22.030(2).

Hodge then filed a timely notice of appeal to Division One of the Court of Appeals. CP at 251. Hodge argued that any insurance policy that provides coverage for any vehicle must also include uninsured motorist protection. The Court of Appeals disagreed and held that Mutual was not statutorily required to include uninsured motorist protection in the policy because it was not issued with respect to a vehicle registered or principally garaged in Washington. *Hodge v. Raab*, 116 Wn. App. 303, 307, 65 P.3d 679 (2003).

We granted review of the Court of Appeals decision to determine whether a general liability garage policy that provides coverage for customers' vehicles is required by RCW 48.22.030(2) to include uninsured motorist protection.

## ANALYSIS

On appeal from summary judgment, we engage in the same inquiry as the trial court. RAP 9.12. After considering all evidence and reasonable inferences in the light most favorable to the nonmoving party, summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

This case involves a question of statutory interpretation which is subject to de novo review. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996). The principal issue we must resolve is whether the general liability garage policy is subject to the requirements of RCW 48.22.030(2), compelling Mutual to provide uninsured motorist coverage to Raab or to waive such coverage in writing.

The statute provides in pertinent part that:

> *No new policy or renewal of an existing policy* . . . arising out of the ownership, maintenance, or use of a motor vehicle *shall be issued with respect to any motor vehicle registered or principally garaged in this state* unless coverage is provided therein or supplemental thereto for the protection of persons insured [and] [*t*]*he coverage required to be offered* . . . *is not applicable to general liability policies*, commonly known as umbrella policies, or other policies which apply only as excess to the insurance directly applicable to the vehicle insured.

RCW 48.22.030(2) (emphasis added).

Hodge has not brought a claim in this case against the negligent party, Thomas Pullman, but seeks a declaratory judgment that Mutual should have been required to offer uninsured motorist coverage to Raab pursuant to RCW 48.22.030(2)[2] because the underlying coverage in Raab's general liability garage policy provided automobile liability protection for the insured. Specifically, Hodge maintains that an automobile liability endorsement for customers' vehicles brings the garage policy under the ambit of RCW 48.22.030(2).

Hodge asks us to adopt a broad approach to RCW 48.22.030(2) and have it apply in any situation in which a general liability policy provides protection for injuries or damages resulting from nonowned vehicles. That argument is contrary to the plain wording and meaning of RCW 48.22.030(2), which requires insurers to offer uninsured motorist coverage in conjunction with automobile liability coverage for vehicles an insured registers or principally

---

[2] *See supra* pp. 353-54.

garages in Washington. The statute does not mandate coverage in connection with every type of liability policy that will cover damages caused by vehicles. *See Diaz v. Nat'l Car Rental Sys.*, 143 Wn.2d 57, 61-62, 17 P.3d 603 (2001) (concluding that RCW 48.22.030(2) applies to primary automobile insurance policies unless waived in writing by the insured). We conclude that it does not comport with the clear language of the statute to require an insurer to offer uninsured motorist coverage for vehicles not owned by the insured.

Hodge relies on *MacKenzie v. Empire Insurance Cos.*, 113 Wn.2d 754, 782 P.2d 1063 (1989) to support his position. The policy at issue in *MacKenzie* was a special multiperil policy, which contained a comprehensive automobile liability insurance policy. The automobile endorsement was considered to be in excess of the primary automobile coverage offered to the insured under a different policy and, therefore, was not statutorily mandated to provide uninsured motorist coverage. We held that such a policy is exempt from RCW 48.22.030(2) insofar as it provides coverage in excess of primary automobile coverage. *MacKenzie*, 113 Wn.2d at 760. Thus, nothing in *MacKenzie* supports Hodge's argument.

The policy at issue in this case provides general liability protection for garage operations, which is limited to property damage and nonexcluded bodily injury claims involving nonowned vehicles. Unlike *MacKenzie*, however, this case does not involve a primary automobile liability policy that was issued with respect to a vehicle registered or principally garaged in Washington. Here, the general liability policy was issued with respect to garage operations. A close reading of *MacKenzie*, then, reveals that its holding and reasoning support the Court of Appeals decision in this case.

The policy in question is a general liability garage policy which provided coverage for garage operations. The policy was not issued to cover vehicles owned by the insured, but it does provide coverage for customers' vehicles. As men-

tioned, the key policy provision in question states that an insurer "[w]ill pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations," and specifically excludes coverage for "[a]ny auto used in connection with garage operations." Part III Liability Insurance (A)(1), (B)(7); CP at 26.

However, an amendatory endorsement in the policy called "Operation of Customers' Automobiles on Particular Premises" states that the "exclusion . . . does not apply with respect to any 'customer's automobile' . . . ." CP at 105. This amendatory endorsement applies to Part III Liability Insurance (B)(7) and not to the "Employer Non-Ownership Automobile Liability Insurance Endorsement." CP at 227. Rather, the "Employer Non-Ownership Automobile Liability Insurance Endorsement" provides liability coverage for bodily injury or property damage arising out of the use of customers' vehicles in the business of the named insured but expressly excludes claims made by employees and exempts employees from the definition of who is an insured. CP at 108.

When Mutual issued the policy to Raab it purported to cover accidents caused by customers' vehicles in limited circumstances but specifically excluded claims made by employees. Accordingly, Hodge was exempted from coverage under the terms of the policy and the Industrial Insurance Act (Title 51 RCW) as Raab's employee. For this reason, Hodge could not prevail under the terms of the policy unless we determine that the general liability garage policy is subject to the statutory requirements of RCW 48.22.030(2). We hold that it is not.

The statutory requirements of RCW 48.22.030(2) are clear. The statute contemplates uninsured motorist coverage in connection with new or renewal automobile policies for motor vehicles that an insured registers or principally garages in Washington or waives such coverage in writing. As such, RCW 48.22.030(2) relates to an ownership interest

by the insured and is expressly for the protection of the insured.

The statute specifically states that "[n]o new policy or renewal of an existing policy . . . shall be issued with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided . . . for the protection of persons insured . . . ." RCW 48.22.030(2); *see also Diaz*, 143 Wn.2d at 61 (stating that RCW 48.22.030(2) requires every automobile policy issued in this state to provide coverage to protect policyholders from injury or loss caused by uninsured motorists).

The Court of Appeals correctly held that the liability policy in this case was not issued with respect to any motor vehicle under RCW 48.22.030(2). *Hodge*, 116 Wn. App. at 307. The policy was issued with respect to garage operations. Thus, it was not an automobile policy but a general liability garage policy.

RCW 48.22.030(2) applies to automobile policies. The statute does not mandate uninsured motorist coverage for general liability policies that do not insure specific vehicles owned by the insured. The statute mandates uninsured motorist coverage in connection with automobile policies for vehicles an insured registers or principally garages in Washington. *Hodge*, 116 Wn. App. at 307. Here, the accident involved a vehicle Raab neither owned, registered, nor garaged in this State. Therefore, the statutory mandate for uninsured motorist coverage does not apply to this policy.

We affirm the decision of the Court of Appeals.

ALEXANDER, C.J., and MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.