[No. 55022-5-I.   Division One.   July 18, 2005.]

SNOHOMISH COUNTY FIRE DISTRICT NO. 1, *Appellant*, v.
SNOHOMISH COUNTY DISABILITY BOARD, *Respondent*.

*Richard A. Davis III* and *Michelle D. Losie* (of *Chmelik Sitkin & Davis, P.S.*), for appellant.

*Joseph E. Fischnaller*, for respondent.

*Philip A. Talmadge* (of *Talmadge Law Group, P.L.L.C.*) on behalf of Retired Firefighters of Washington, amicus curiae.

¶1 COLEMAN, J. — The Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (the Act), chapter 41.26 RCW, establishes a retirement system for fire fighters and law enforcement officers. This system is commonly referred to as the "LEOFF Benefit System." The

Snohomish County Disability Board, which administers the Act, promulgated a set of rules relating to dental services available to members of the LEOFF 1 system. The Snohomish County Fire District No. 1 (the District) brought a declaratory judgment action against the Snohomish County Disability Board (the Board), arguing that the Board exceeded its authority in approving certain dental expenses for reimbursement. The trial court disagreed with the District and entered summary judgment in favor of the Board. We affirm the trial court's decision because: (1) the Board's promulgation of rules does not amount to legislation, (2) the Act does not condition additional medical benefits coverage on the existence of a specific sickness or disability, (3) the Board may designate medical services beyond those listed in RCW 41.26.030(22) as reimbursable, and (4) the Board did not abuse its discretion in determining that preventative dental services are necessary medical services.

## FACTS

¶2 The LEOFF system, chapter 41.26 RCW, establishes a retirement system for fire fighters and law enforcement officers and was divided into two separate benefit plans in 1977. At issue in this appeal is the LEOFF 1 plan, which applies to members employed before October 1, 1977. The Act authorized the establishment of disability boards to administer the LEOFF system. RCW 41.26.110. The Board is comprised of both employer and employee representatives. RCW 41.26.110(1)(b). The Snohomish County Disability Board promulgates the Snohomish County LEOFF Disability Board Rules. The purpose of these rules is to inform members which medical services are likely to be approved for reimbursement and which services are not. The Board periodically reviews the rules and modifies them as it deems appropriate.

¶3 In 2001, the Board began to consider whether some dental services should be covered under the LEOFF 1

system. The Board conducted research and in October 2001 adopted a rule allowing dental services, except those solely for cosmetic purposes, to be approved. In November 2003, the Board amended the rules again. The new Dental Expense Rule provides:

(1) Dental charges incurred by a member who sustains an accidental injury to his or her teeth shall be paid.

(2) The expense of 1 general dental check up each year will be covered for each member.

(3) No more than two dental cleanings each year will be covered for a member, unless it is determined, in the discretion of the Board, that a more frequent cleaning schedule is medically necessary in a particular case or for a particular member.

(4) The dental expenses incurred by a member for routine dental and periodontal work, as may be found by the Board to be medically necessary, will be covered.

(5) No dental expenses incurred by a member for dental services or work which is purely cosmetic in nature will be approved or paid, except in unusual circumstances, and then only with the prior, written approval of the Board and based upon medical necessity.

(6) Dental expenses incurred by a member for teeth whitening will not be approved.

After noticing an increase in liability for LEOFF 1 dental reimbursements, the District brought this action for declaratory judgment and injunctive relief. The District and Board filed cross-motions for summary judgment. The District also moved to strike the declaration of Ken Crowder. The trial court denied the District's motion for partial summary judgment and its motion to strike. The court granted the Board's motion for summary judgment and entered judgment in its favor. The District appeals.

*STANDARD OF REVIEW*

¶4 We review a trial court's order granting summary judgment de novo, taking all facts and reasonable inferences in the light most favorable to the nonmoving

party. *Hodge v. Raab*, 151 Wn.2d 351, 354, 88 P.3d 959 (2004). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). Additionally, we review issues of statutory interpretation de novo. *Hodge*, 151 Wn.2d at 355.

*ANALYSIS*

■ ¶5 As an initial matter, the District argues that the Board exceeded its authority by adopting substantive reimbursement rules that apply to all LEOFF 1 members because adopting the rules constitutes legislation. The District argues that coverage must be determined on a case-by-case basis. The Board is to "perform all functions, exercise all powers, and make all such determinations as specified in this chapter." RCW 41.26.110(3). Additionally, the Board "shall designate the medical services available to any sick or disabled member." RCW 41.26.150(1)(b). Designating, in advance, the services that it will likely deem medically necessary is within the Board's discretion. This is not legislation as argued by the District. The rule does not create a statutory right or change the statute. Rather, the rule puts both LEOFF 1 members and employers on notice of what services the Board will likely deem medically necessary. The Board, therefore, did not exceed its authority in promulgating the rules.

■ ¶6 The next issue we address is whether the Board may approve reimbursement for medical services beyond those enumerated in RCW 41.26.030(22) that are preventive in nature and not necessitated by a present sickness or disability.[1] LEOFF 1 provides medical benefits coverage:

---

[1] The District argues that the trial court erred in admitting the affidavit of Ken Crowder in support of the Board's motion for summary judgment because portions of the affidavit were not based on personal knowledge and it contained inadmissible hearsay statements and legal conclusions. Because the motion to strike was made in conjunction with the motions for summary judgment, we review the trial court's decision de novo. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). The District argues that Crowder's statements regarding claims and the Board's decision to approve preventative dental services were not based on

Whenever any active member, or any member hereafter retired, on account of service, sickness, or disability, not caused or brought on by dissipation or abuse, of which the disability board shall be judge, is confined in any hospital or in home, and whether or not so confined, requires medical services, the employer shall pay for the active or retired member the necessary medical services not payable from some other source as provided for in subsection (2) of this section . . . .

RCW 41.26.150(1). In administering the benefit,

(a) The disability board in all cases may have the active or retired member suffering from such sickness or disability examined at any time by a licensed physician or physicians to be appointed by the disability board, for the purpose of ascertaining the nature and extent of the sickness or disability . . . .

(b) The disability board shall designate the medical services available to any sick or disabled member.

RCW 41.26.150(1)(a), (b). The District argues that under RCW 41.26.150, additional medical benefits, beyond the

personal knowledge. As a member of the Board, however, Crowder would have personal knowledge about the claims the Board was receiving and the Board's reasoning for including preventative care.

The District also challenges two portions of the declaration where Crowder states that he spoke with others regarding the issue. The District argues that this constitutes inadmissible hearsay. By definition, hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." ER 801(c). Here, Crowder's statements were offered to show the research and procedure that the Board used in adopting the Rules, not to prove the truth of the substance of the statements. Therefore, the portions cited do not constitute hearsay.

Additionally, the District argues that portions of the declaration contain inadmissible legal conclusions. The statements, when taken in context of the declaration, were not legal conclusions. Rather, they were describing the acts that the Board took to ensure that its actions had factual and legal support.

Finally, the District argues that Exhibit F to the Declaration, which is an e-mail from an assistant attorney general, is improper and should be stricken. The Board is not arguing that this is an opinion of the attorney general. Rather, the Board presented the e-mail to show the steps it took in researching the Rules. Therefore, we affirm the trial court's decision denying the District's motion to strike the declaration.

The Board moves for an award of attorney fees and costs under RAP 18.9(a), which allows the court to sanction a party for failure to comply with the rules because the District brought this motion under RAP 9.13 and RAP 17.5. There is nothing in the record to suggest that the District's motion was anything but a mistaken interpretation of the rule, and therefore, we will not impose sanctions.

minimum enumerated in RCW 41.26.030(22), must be necessitated by a present sickness or disability. This reading of the statute is too strict. RCW 41.26.030(22) states: " 'Medical services' for plan 1 members, shall include the following as minimum services to be provided. Reasonable charges for these services shall be paid in accordance with RCW 41.26.150." Thus, according to this definition, RCW 41.26.150, which provides for the payment of necessary medical services, applies to all LEOFF 1 members.[2] The reference to sick and disabled members in RCW 41-.26.150(1)(b) clearly refers to members who are retired on account of a sickness or disability. The language "sick and disabled" is a term of art that qualifies membership in the plan, not the benefits that are available to members.[3]

¶7 The Board has the discretion to determine what additional medical services are medically necessary. This court discussed this discretionary role in *Stegmeier v. City of Everett*, 21 Wn. App. 290, 294, 584 P.2d 488 (1978). There, Stegmeier, a retired police officer, requested payment from the Everett Police Disability and Pension Board for his prescription eyeglasses through the LEOFF 1 benefit system. The Board denied his request, and Stegmeier filed an application for a writ of mandamus. The superior court ordered the Board to pay for the eyeglasses, and the Board appealed. The Court of Appeals concluded that the Board

---

[2] At a minimum, there is an ambiguity in the statute and thus we must resolve the ambiguity in favor of the party for whose benefit the pension statute was enacted. *Bowen v. Statewide City Employees Ret. Sys.*, 72 Wn.2d 397, 433 P.2d 150 (1967).

[3] Although not addressing the issue before us, the Ninth Circuit has interpreted the statute consistent with this analysis: "The unambiguous language of section 41.26.150 undercuts the City's view that Knudson's right to the medical benefit is contingent upon her employment. Any 'active member, or any member hereafter retired, on account of service, sickness or disability' qualifies for the benefit. An *active* police officer's receipt of the medical benefit is plainly contingent upon employment; the right to the benefit ceases upon termination from work. No such restriction exists however on a *retiree*'s eligibility for the benefits. The retirement medical benefit is contingent not on *active* employment but on past service, sickness, or disability. The entitlement may later be lost if the disability retiree refuses to submit to a medical exam or is not longer disabled, . . . but the statute does not condition the retiree's continuing entitlement on current or future employment." *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1145 (9th Cir. 1987) (citations omitted).

did not abuse its discretion in denying Stegmeier's request. The court noted that the "record shows the Board has previously chosen to exercise its discretion by paying for prescribed eyeglasses. Mandamus, however, does not lie to compel the performance of discretionary acts." *Stegmeier*, 21 Wn. App. at 294. The court recognized that the Board could, in exercising its discretion, approve coverage for prescription eyeglasses. Approving preventative dental services, like prescription eyeglasses, is within the Board's discretion, provided the services are medically necessary.

¶8 The District argues that the Board cannot approve preventative dental services for reimbursement. At the onset, we note that the District concedes that some preventative services are available to members under RCW 41.26.030(22). For example, the District concedes that members are entitled to annual physical examinations. The District argues that preventative dental services may not be covered because they are not listed in the minimum services under RCW 41.26.030(22). As discussed above, however, it is clear that the Board can approve reimbursement for medically necessary dental expenses beyond those that are listed in RCW 41.26.030(22).

¶9 The issue therefore is whether preventative dental services such as annual examinations and dental cleanings are necessary medical expenses under chapter 41.26 RCW. The statute does not define necessary medical expenses. Therefore, the court will give the terms their plain and ordinary meanings. *Budget Rent A Car Corp. v. Dep't of Licensing*, 144 Wn.2d 889, 899, 31 P.3d 1174 (2001). The District argues that preventative dental procedures are not necessary medical services. The Board, on the other hand, argues that preventative dental procedures are necessary medical services. The legislature has given the Board discretion to determine what expenses are reimbursable. RCW 41.26.150(1)(b). The Board researched the issue of preventative dental services and determined that spending money on preventative services would prevent unnecessary future medical expenses. Thus, the Board argues that the

preventative dental expenses are necessary medical expenses under the statute. This is a reasonable interpretation of the term "necessary medical expenses." Therefore, under these circumstances, the Board did not abuse its discretion in determining that annual dental examinations and cleanings are medically necessary within the meaning of the statute.

Cox, C.J., and KENNEDY, J., concur.

Reconsideration granted and opinion modified August 9, 2005.